J-S21007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO SERRANO, JR. | : | |
| | : | |
| Appellant | : | No. 1863 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 20, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003675-2018

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:               **FILED AUGUST 6, 2021**

Antonio Serrano, Jr. appeals from the judgment of sentence of fifteen to thirty years of incarceration imposed after a jury convicted him of rape, aggravated indecent assault, indecent assault, and terroristic threats. Appellant's counsel, Michael E. Brunnabend, Esquire, has filed a petition to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Our review of the certified record reveals the following.  On May 22, 2018, Luz Heredia ("Victim"), the fifty-seven-year-old aunt of Appellant,

_____

[*] Retired Senior Judge assigned to the Superior Court.

enlisted Appellant's help in her move to a new residence. N.T. Jury Trial, 6/25/19, at 20-21. At the end of the night, Victim told Appellant he could sleep in the recliner at her house. *Id*. at 23-24. Appellant stated that he could not sleep on a recliner, and so Victim allowed him to sleep on the other side of her bed. *Id*. at 24. Victim suffered from some medical conditions for which she regularly took muscle relaxants prior to going to sleep, and she took the medication that night. *Id*. at 23-24.

Victim awoke in the middle of the night to Appellant lifting her shirt and licking her nipple. *Id*. at 25-26, 29. The rest of her clothes had been removed. Victim told Appellant to stop, but he refused. *Id*. at 26-27. When Victim yelled for help, Appellant pushed her arms back and covered her mouth. *Id*. at 27-28. Appellant proceeded to penetrate Victim's vagina with his fingers, followed by his penis. *Id*. at 31-33. Appellant told Victim "if [she] didn't] shut up that he was going to kill [her]." *Id*. at 33-34. Eventually, Appellant released Victim, told her to not tell his mother what had happened, and left the residence. *Id*. at 35-36.

When Appellant left at approximately 1:30 a.m., Victim called her niece, Appellant's sister, Jessica Pedroza, and told her what had occurred. *Id*. at 36-37. Victim called police, who took her to the hospital. A forensic examination was performed and evidence collected in a rape kit. *Id*. at 37-38. Thereafter, Appellant was arrested and charged with rape, aggravated indecent assault, indecent assault, and terroristic threats.

John F. Baurkot, Esquire of the Lehigh Public Defenders' Office was appointed to represent Appellant on October 5, 2018. Following pre-trial discovery and the disposition of motions, a jury trial commenced on June 25, 2019. At trial, Victim identified Appellant, her nephew, as the individual who raped her that night and stated that she was clear as to what Appellant had done to her and her ability to perceive and recall these events was not affected by her medications. *Id*. at 41, 53-54.

Corrine McClain, a sexual assault forensic examiner and licensed nurse, testified that she examined Victim in the early morning hours of May 23, 2018. N.T. Jury, 6/29/19, at 14-16. Ms. McClain indicated that Victim had several bruises on her arm, wrist, and inner thigh, as well as in her genital area. *Id*. at 23-25. Ms. McClain also obtained a DNA sample from Victim's vagina, nipple, and underwear. *Id*. at 25-28. Ms. McClain testified that, after a complete examination, it was her opinion that Victim's injuries were consistent with forced penetration. *Id*. at 28.

Christopher Wittik, a police detective in Catasauqua, obtained a court-ordered DNA sample by swabbing Appellant's cheek. He sent that sample, together with the rape kit, to the State Police Laboratory in Bethlehem. *Id*. at 59-62. Forensic DNA Analyst Taylor Richart matched the DNA found in Victim's underwear, as well as DNA samples taken during the rape examination, with the sample obtained from Appellant. *Id*. at 136-146.

The jury convicted Appellant of all charges and he was sentenced on July 20, 2020, to an aggregate term of fifteen to thirty years of incarceration and also was classified as a Tier 3 sexual offender[1] and a Sexually Violent Predator ("SVP"). Appellant filed a motion to reconsider and modify his sentence, claiming it was excessive. The trial court denied his motion, and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On October 1, 2020, Assistant Public Defender Michael E. Brunnabend, Esquire was appointed to take over Appellant's case. Counsel filed an application to withdraw averring that Appellant's potential claims on appeal were wholly frivolous. Counsel has filed an ***Anders*** brief, wherein he raises three issues:

> 1. Whether the evidence of the identity of [Appellant] as the perpetrator was sufficient to sustain the [Appellant's] convictions for all the charges?
>
> 2. Whether the evidence was sufficient to support the lower court determination that the [Appellant] qualified as a sexually violent predator?
>
> 3. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the ***Anders*** case?

***Anders*** brief at 9 (unnecessary capitalization omitted).

_____

[1] The trial court vacated the order classifying Appellant as a Tier 3 offender on July 22, 2020.

- 4 -

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (clarifying that *Santiago* did not alter these procedural requirements).

At a minimum, the *Anders* brief must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Yorgey*, *supra* at 1196 (quoting *Santiago*, *supra* at 361). It "should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id*.

Based upon our examination of Attorney Brunnabend's petition to withdraw and *Anders* brief, we conclude that counsel has substantially

- 5 -

complied with the technical requirements set forth above. Counsel filed a petition with this Court stating that after reviewing the record, he finds the appeal to be wholly frivolous. **See** Petition to Withdraw as Counsel, 4/27/21 at ¶ 4. Copies of the petition and brief were provided to Appellant, and he was advised of his right to obtain private counsel or proceed *pro se*.

In conformity with **Santiago**, counsel's brief includes a summary of the relevant case history and discusses the issues he believes might arguably support Appellant's appeal. **See Anders** brief at 10-24. Attorney Brunnabend stated that the sufficiency of the evidence claims Appellant desired to raise were frivolous and that his review of the record revealed no other non-frivolous appellate issues. Counsel explained the reasons for these determinations and provided Appellant with copies of all filings. We therefore conclude that Attorney Brunnabend has complied with the procedural requirements of **Anders** and **Santiago** and, therefore, we will proceed to a review of the merits of this appeal.

Counsel's first issue of arguable merit questions the sufficiency of the evidence to sustain all of Appellant's convictions. **Anders** brief at 13-16. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> [w]hether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

Appellant's sufficiency argument does not implicate the statutory elements of the crimes of which he was convicted, but rather the lack of evidence corroborating Victim's testimony identifying him as the perpetrator. However, the law is well-settled that "a solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference." *Commonwealth v. Shaw*, 203 A.3d 281, 284 (Pa.Super. 2019) (citing *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa.Super. 2018)). Further, this Court has held that the "uncorroborated testimony of a rape victim, if believed by the jury, is sufficient to support a rape conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the jury." *Id*. at 481.

Here, Victim positively identified Appellant, her nephew, as the individual who raped her. N.T. Jury, 6/25/19, at 41. Victim testified that

Appellant penetrated her vagina with his penis without her consent. *Id*. at 33. Further, Victim stated that Appellant threatened to kill her if she did not stop screaming for help. *Id*. at 33-34. Accordingly, if believed, Victim's testimony alone was sufficient to establish that it was Appellant who committed rape, aggravated indecent assault, indecent assault, and terroristic threats, and no additional corroboration was needed. Nonetheless, it was corroborated by DNA evidence. For these reasons, we agree with counsel's conclusion that this issue is frivolous.

Counsel's second issue presents a challenge to the sufficiency of the evidence classifying Appellant as a sexually violent predator ("SVP"). *Anders* brief at 17-20. Appellant contends that "[t]he only evidence in the SVP Hearing were the reports from the Commonwealth expert and the defense expert" and the trial court determined that the Commonwealth's expert was reliable. *Id*. at 17.

This Court has previously held that:

> The determination of a defendant's SVP status may only be made following an assessment by the Sexual Offenders Assessment Board ("SOAB") and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all evidence and [the] reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse the trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

> The standard of proof governing the determination of SVP status, i.e., "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.
>
> The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa.Super. 2011) (citation omitted). In reviewing an SVP determination, we are not permitted to re-weigh the factors involved; our function is to determine if the Commonwealth's evidence was sufficient to support the trial court's conclusion that a defendant was an SVP. *Commonwealth v. Meals*, 912 A.2d 213 (Pa. 2006).

Under Pennsylvania law applicable when these crimes occurred, a "sexually violent predator" is defined as "[a]n individual who committed a sexually violent offense [specified in designated subsections of 42 Pa.C.S. § 9799.14] on or after December 20, 2012, for which the individual was convicted," and "who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12.

Further,

> [i]n order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of

- 9 -

criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory . . . . Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of reoffending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189-90 (Pa.Super. 2015) (citations omitted).

In the present case, the parties stipulated to the admission of the reports of Veronique N. Valliere, M.D., a member of the SOAB, and defense expert psychologist Barry Zakireh, Ph.D. The trial court determined that Dr. Valliere's testimony offered clear and convincing evidence that Appellant suffers from anti-social personality disorder that makes him likely to commit sexually violent offenses in the future.[2] *See* N.T., 8/20/20, at 9. Dr. Valliere's report also discussed the circumstances surrounding Appellant's prior conviction for the murder of his foster mother, which further substantiated the expert's opinion that Appellant is a sexually violent predator. *Id*. at 9-10. Based on the evidence received, the trial court stated the following:

[T]he Commonwealth presented clear and convincing evidence that was sufficient to meet the elements for the SVP designation. While some factors weighed in favor of [Appellant], there was ample evidence relating to other factors to demonstrate that the defendant has "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent

---

[2] Dr. Zakireh agreed that Appellant suffered from anti-social personality disorder.

- 10 -

offenses." 42 Pa.C.S. § 9799.12. Both experts agree that the defendant suffers from anti-social personality disorder; he violently raped his 57-year-old aunt while threatening to kill her, and he has a prior conviction for murdering his foster mom, during which he bit the victim's breast.

Trial Court Opinion, 1/12/21, at 4. Therefore, Appellant's challenge to the sufficiency of the evidence to support his SVP classification is deemed frivolous by this Court.

Finally, we must conduct an independent review of the record to ascertain whether the appeal is wholly frivolous. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Since Appellant did not file a response to the *Anders* brief, we are not limited to the issues raised in the brief. *See Commonwealth v. Cook*, 175 A.3d 345 (Pa.Super. 2017).

While conducting our review, we noted that Appellant challenged his sentence in a post-sentence motion and in his Rule 1925(b) statement, thus preserving that issue. *See* Appellant's Motion to Reconsider and Modify Sentence, 7/27/20, at 1; Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, at ¶ 3. He alleged that, due to his mental health issues, he would benefit from in-person treatment and that his sentence was excessive. In his Rule 1925(b) concise statement, Appellant averred that the trial court failed to consider his mental illness and need for treatment, and that such mitigation should have been a basis for imposing a lesser sentence.

Counsel did not identify this as a potentially meritorious issue in his *Anders* brief.[3]

Assuming Appellant could raise a substantial question entitling him to appellate review of this discretionary sentencing claim, this prospective issue is not meritorious. In justifying the sentence it imposed, the trial court emphasized that "[t]he sentence in this matter is within the statutory limits and within the standard range of the guidelines" and that the court had "the benefit of a pre-sentence investigation report, which [it] fully reviewed and considered in determining an appropriate sentence for the defendant." Trial Court Opinion, 1/12/21, at 3. *See Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa.Super. 2006) (holding that when the sentence fell within the standard range of the guidelines and the trial court had the benefit of a pre-sentence investigation report, it is presumed that the court adequately considered relevant mitigating and aggravating factors). Additionally, the trial court demonstrated at sentencing that it was aware of Appellant's mental health issues and hardships he faced growing up, and discussed these circumstances prior to imposing sentence:

---

[3] Appellant also identified the weight of the evidence as an issue for appeal in his Rule 1925(b) concise statement. However, the trial court found the issue waived for purposes of appellate review because it was not raised in a timely post-sentence motion or at sentencing, and we concur with that assessment. *See* Pa.R.Crim.P. 607(A). Waived issues are deemed frivolous for the purposes of *Anders* review. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888-889 (Pa.Super. 2016) (holding that in conducting analysis under *Anders*, an issue that is waived is also frivolous).

- 12 -

> [W]hen you look at Appellant's life before he got involved in the criminal justice system, it's tragic. That's not to say that everyone who grows up the way he did ends up this way, but there's certainly reasons that were beyond his control while he was growing up that made him who he is today.
>
> . . . .
>
> That being said, Appellant did have that conviction for murder when he was 17 years old, and he has since been convicted of rape of an older woman with significant medical problems who was, in fact, a family member. Those are serious offenses. The effects that rape can have on an individual, they're indescribable. I can't imagine how an individual feels after being raped.

N.T. Sentencing, 8/20/20, at 21-22 (cleaned up).

In light of the foregoing, we find no non-frivolous issues that could potentially afford relief to Appellant. Hence, we concur with counsel's assessment of this appeal as wholly frivolous, grant his petition to withdraw, and affirm Appellant's judgment of sentence.

Petition to withdraw of Michael E. Brunnabend, Esquire granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021

- 13 -